R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Duffy Archive Limited*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUFFY ARCHIVE LIMITED,<br><br>            Plaintiff,<br><br>     v.<br><br>GUEST OF A GUEST INC.,<br><br>            Defendant. | Case No.: |

### COMPLAINT AND JURY DEMAND

The plaintiff Duffy Archive Limited, ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint against the defendant Guest of a Guest Inc., ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is a British private limited company with a principal place of business at Unit 9, Harts Barn, Monmouth Road, GL17 0QD, Longhope, England, United Kingdom.

4. Upon information and belief, the Defendant is a Delaware corporation doing business at 416 W. 13th Street, New York, New York, 10014.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

8. Plaintiff owns and manages the copyrights to the photographic works of the famous fashion photography Brian Duffy, who first published fashion photography for *Harper's Bazaar* and later for *Elle*, *Glamour Magazine*, *Esquire*, *The Sunday Times* and others. Brian Duffy is also famous for his celebrity photography, which includes iconic images of

many musicians and actors who sat for Duffy, including Sammy Davis Jr, Michael Caine, Tom Courtenay, Nina Simone, John Lennon, Sidney Poitier, Harold Wilson, Charlton Heston and Brigitte Bardot and David Bowie.

9. Plaintiff owns the copyrights in two works featuring David Bowie, copies of which are attached hereto as Exhibit A (the "Copyrighted Works").

10. The Copyrighted Works are original works of authorship created by Brian Duffy.

11. The Copyrighted Works are the subject of valid registrations obtained from the United States Copyright Office prior to the initiation of this suit, copies of which are attached hereto as Exhibit B.

12. On or about May 21, 2010, Plaintiff acquired all rights to the Copyrighted Works.

13. Plaintiff owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

**B.    Defendant's Unlawful Activities**

14. Upon information and belief, Defendant is a media company that owns a number of websites, including one located at the URL http://www.guestofaguest.com , where high quality photographic images, such as the Copyrighted Work belonging to Plaintiff, are used to draw internet users to visit and remain at its websites, thus profiting from advertising and other revenue that grows as viewership grows and the value of the website as an asset grows.

15. Plaintiff has discovered that Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Works.

16. Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, used in the creation of derivative works, and publicly displayed at Defendant's websites, screenshots of which are attached hereto as Exhibit C.

17. Upon information and belief, Defendant located the Copyrighted Works on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant and then uploaded the Copyrighted Work to the infringing website and then publicly displayed the Copyrighted Work, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

18. Upon information and belief, Defendant is directly responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

19. Defendant's reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

20. Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights in that Defendant knew it did not have permission to take Plaintiff's Copyrighted Work and deliberately did so anyway.

21. Upon information and belief, Defendant is a serial infringer responsible for infringement on a massive scale as a result of a business model based on theft, whereby Defendant publishes the copyrighted works of others without bothering to obtain licenses, accepting that its infringing conduct is likely to go unpunished.

## CLAIM FOR RELIEF
### (Direct Copyright Infringement)

22. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23. The Copyrighted Works are an original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24. Upon information and belief, as a result of Plaintiff's public display of the Copyrighted Works, Defendant had access to the Copyrighted Works prior to its infringement.

25. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating derivative works from, and publicly displaying the Copyrighted Works.

26. Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

27. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from such uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

28. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of the profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

29. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to

the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

30. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

31. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505; and,

7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 4, 2021

Respectfully submitted,

RATH, YOUNG and PIGNATELLI, P.C.

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Duffy Archive Limited*